1  ROBERT S. BREWER, JR.
   United States Attorney
2  NICOLE E. BREDARIOL
   Special Assistant United States Attorney
3  Massachusetts Bar No. 696484
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 546- 8914
   Email: Nicole.bredariol@usdoj.gov
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

**FILED**

**JUL 2 3 2021**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,        Case No. 20-CR-1761-JLS

11            Plaintiff,

12        v.                         PLEA AGREEMENT

13  JORGE JOEL VINCES (2),

14            Defendant.

15      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

16  AMERICA, through its counsel, Robert S. Brewer, Jr., United States

17  Attorney, Nicole Bredariol, Special Assistant United States Attorney,

18  and Defendant JORGE JOEL VINCES, with the advice and consent of Martin

19  Molina, counsel for Defendant, as follows:

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28                              I

Plea Agreement                              Def. Initials _____
                                            20-CR-1761-JLS

**THE PLEA**

Defendant agrees to plead guilty to Count 2 of the Indictment in the above case charging defendant with:

On or about May 31, 2020, on board a vessel subject to the jurisdiction of the United States, while on the high seas, defendants JAVIER DE JESUS SATURNO PAZ, JORGE JOEL VINCES, ROGELIO GALLARDO, MODESTO PINEDA PEDRAZA, and TEDITH GUSTAVO PEREZ-ACUNA, did knowingly and intentionally possess, with intent to distribute, 5 kilograms and more, to wit: approximately 709 kilograms (1,560 pounds) of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 46, United States Code, Section 70503, and Title 18, United States Code, Section 2.

In exchange for defendant's guilty plea and sentencing on Count 2 of the Indictment and provided defendant complies fully with all the terms in this plea agreement, the Government agrees to (1) move to dismiss Count 1 without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charge unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

Defendant agrees to waive any potential argument that venue in the Southern District of California is not proper.

2

Def. Initials J V
20-CR-1761-JLS

1    This plea agreement is part of a "package" disposition as set forth
2  in Section VI.E below.  In order for defendant to receive the benefit
3  of this agreement, codefendants JAVIER DE JESUS SATURNO PAZ, ROGELIO
4  GALLARDO, MODESTO PINEDA PEDRAZA, and TEDITH GUSTAVO PEREZ-ACUNA, also
5  must plead guilty at the same time. See Section VI.E below.

6                                    II

7                           **NATURE OF THE OFFENSE**

8      A.   ELEMENTS EXPLAINED

9      The offense to which Defendant is pleading guilty has the following
10 elements:

11            1.   Defendant knowingly possessed cocaine;

12            2.   Defendant possessed it with the intent to distribute it

13                 to another person;

14            3.   At the time, the cocaine was on board a vessel subject

15                 to the jurisdiction of the United States.

16     In addition, although not elements, the Government would have to
17 prove beyond a reasonable doubt that the collective weight of the
18 cocaine on board the vessel was 5 kilograms and more, to wit:
19 approximately 709 kilograms.

20     B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

21     Defendant has fully discussed the facts of this case with defense
22 counsel. Defendant has committed each element of the crime and admits
23 that there is a factual basis for this guilty plea. The following facts
24 are true and undisputed:

25            1.   On or about May 31, 2020, Defendants JAVIER DE JESUS

26                 SATURNO  PAZ,  JORGE  JOEL  VINCES,  ROGELIO  GALLARDO,

27                 MODESTO PINEDA PEDRAZA, and TEDITH GUSTAVO PEREZ-ACUNA

28

Plea Agreement                          3                    Def. Initials JV
                                                             20-CR-1761-JLS

1  knowingly and intentionally possessed approximately 709

2  kilograms of cocaine on board a go fast vessel with the

3  intent to distribute it to another person.

4      2.   Defendant JORG JOEL VINCES further agrees that on or

5  about May 31, 2020, he was a crewmember on board a go

6  fast vessel without nationality, on the high seas,

7  approximately 365 nautical miles southwest of Acapulco,

8  Mexico.

9      3.   Defendant also agrees that the United States could prove

10  beyond a reasonable doubt at trial that a verbal claim

11  of Mexican registry or nationality was made by the master

12  of the vessel and that Mexico could neither confirm nor

13  deny the claim of registry or nationality, thus

14  rendering the vessel without nationality and subject to

15  the jurisdiction of the United States.

16  ### III

17  ### PENALTIES

18  The crime to which Defendant is pleading guilty carries the

19  following penalties:

20  A.  a maximum life in prison and a mandatory minimum 10 years;

21  B.  a maximum $10,000,000 fine;

22  C.  a mandatory special assessment of $100 per count; and

23  D.  a term of supervised release of at least 5 years. Failure to

24  comply with any condition of supervised release may result in

25  revocation of supervised release, requiring Defendant to

26  serve in prison, upon revocation, all or part of the statutory

27  maximum term of supervised release.

28  //

4

Def. Initials JV
20-CR-1761-JLS

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

5

Def. Initials J V
20-CR-1761-JLS

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

Plea Agreement

6

Def. Initials J V
20-CR-1761-JLS

E.   The disposition contemplated by this agreement is part of a "package" disposition with codefendant(s) JAVIER DE JESUS SATURNO PAZ, ROGELIO GALLARDO, MODESTO PINEDA PEDRAZA, and TEDITH GUSTAVO PEREZ-ACUÑA. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

7

Def. Initials _JV_
20-CR-1761-JLS

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | |
|---|---|
| 1. Base Offense Level [§ 2D1.1(c)(1)] | 38 |
| 2. Reckless Endangerment During Flight [§ 3C1.2] | +2 |
| 3. Safety Valve [§ 2D1.1(b)(18)] | -2* |
| 4. Acceptance of Responsibility [§ 3E1.1] | -3 |
| Total | 35 |

**\*If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for the "safety valve" in**

Plea Agreement

Def. Initials J V
20-CR-1761-JLS

1  § 5C1.2, the government will recommend a two-level reduction under §
2  2D1.1(b)(18), and relief from any statutory mandatory minimum sentence
3  pursuant to § 5C1.2. Defendant understands that if he does not qualify
4  for § 5C1.2, defendant may be subject to a statutory mandatory minimum
5  sentence.

6      B.   ACCEPTANCE OF RESPONSIBILITY

7      Despite paragraph A. above, the Government need not recommend an
8  adjustment for Acceptance of Responsibility if Defendant engages in
9  conduct inconsistent with acceptance of responsibility including, but
10 not limited to, the following:

11          1.   Fails to truthfully admit a complete factual basis as
12               stated in the plea at the time the plea is entered, or
13               falsely denies, or makes a statement inconsistent with,
14               the factual basis set forth in this agreement;

15          2.   Falsely denies prior criminal conduct or convictions;

16          3.   Is  untruthful  with  the  Government,  the  Court  or
17               probation officer; or

18          4.   Breaches this plea agreement in any way.

19     C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE
            UNDER 18 U.S.C. § 3553
20

21     1. Except as described in paragraph C2, Defendant may request or
22 recommend additional downward adjustments, departures, or variances
23 from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government
24 will oppose any downward adjustments, departures, or variances not set
25 forth in Section X, paragraph A above.

26     2. The defendant may not seek any additional downward adjustments,
27 departures, or variances from the Sentencing Guidelines under 18 U.S.C.

28

                                      9
Plea Agreement                              Def. Initials 𝒥𝒱
                                            20-CR-1761-JLS

1 § 3553 based on the defendant's transportation or detention before his
2 initial appearance in the Southern District of California. This
3 includes, but is not limited to, arguments based on the conditions of
4 detention while at sea or the amount of time detained at sea before the
5 initial appearance.

6     D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

7     The parties have **no** agreement as to Defendant's Criminal History
8 Category.

9     E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

10     The facts in the "factual basis" paragraph of this agreement are
11 true and may be considered as "relevant conduct" under USSG § 1B1.3 and
12 as the nature and circumstances of the offense under 18 U.S.C.
13 § 3553(a)(1).

14     F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

15     If Defendant qualifies for Safety Valve the Government will
16 recommend Defendant be sentenced to 96 months imprisonment. If Defendant
17 does not qualify for Safety Valve the Government will recommend the
18 applicable statutory mandatory minimum sentence.

19     G.   SPECIAL ASSESSMENT/FINE

20        1.   Special Assessment

21     The parties will jointly recommend that Defendant pay a special
22 assessment in the amount of $100.00 to be paid forthwith at time of
23 sentencing. Special assessments shall be paid through the office of
24 the Clerk of the District Court by bank or cashier's check or money
25 order made payable to the "Clerk, United States District Court."
26 //
27 //
28

10

Def. Initials JV
20-CR-1761-JLS

2. <u>Fine</u>

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. <u>SUPERVISED RELEASE</u>

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

## XI

## <u>DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK</u>

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing, and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## <u>BREACH OF THE PLEA AGREEMENT</u>

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim

11

Plea Agreement

Def. Initials J V
20-CR-1761-JLS

that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;
2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;
3.  Failing to appear in court;
4.  Attempting to withdraw the plea;
5.  Failing to abide by any court order related to this case;
6.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled

12

Def. Initials _JV_
20-CR-1761-JLS

1 | indefinitely as of the date all parties have signed this agreement;
2 | Defendant also waives any double jeopardy defense to such charges). In
3 | addition, the Government may move to set aside Defendant's guilty plea.
4 | Defendant may not withdraw the guilty plea based on the Government's
5 | pursuit of remedies for Defendant's breach.

6 | Additionally, if Defendant breaches this plea agreement: (i) any
7 | statements made by Defendant, under oath, at the guilty plea hearing
8 | (before either a Magistrate Judge or a District Judge); (ii) the factual
9 | basis statement in Section II.B in this agreement; and (iii) any
10 | evidence derived from such statements, are admissible against Defendant
11 | in any prosecution of, or any action against, Defendant. This includes
12 | the prosecution of the charge(s) that is the subject of this plea
13 | agreement or any charge(s) that the prosecution agreed to dismiss or
14 | not file as part of this agreement, but later pursues because of a
15 | breach by the Defendant. Additionally, Defendant knowingly,
16 | voluntarily, and intelligently waives any argument that the statements
17 | and any evidence derived from the statements should be suppressed,
18 | cannot be used by the Government, or are inadmissible under the United
19 | States Constitution, any statute, Rule 410 of the Federal Rules of
20 | Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
21 | any other federal rule.

22 | ### XIII

23 | ### CONTENTS AND MODIFICATION OF AGREEMENT

24 | This plea agreement embodies the entire agreement between the
25 | parties and supersedes any other agreement, written or oral. No
26 | modification of this plea agreement shall be effective unless in writing
27 | signed by all parties.

28 |

Plea Agreement

13

Def. Initials JV
20-CR-1761-JLS

## XV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVI

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ROBERT S. BREWER, JR.
United States Attorney

6/30/2021
_____
DATED

*Nicole Bredariol*
_____
NICOLE BREDARIOL
Special Assistant U.S. Attorney

6/16/21
_____
DATED

_____
MARTIN MOLINA
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

6/16/21
_____
DATED

_____
JORGE JOEL VINCES
Defendant

Approved By:

*Victor P. White*
_____
JOSHUA MELLOR/Victor P. White
Assistant U.S. Attorney

14

Def. Initials _JV_
20-CR-1761-JLS